135      61
d 33 SC ²638

## JOHN S. LEVAN v. HENRY WILTEN.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued March 24, 1890—Decided May 19, 1890.

(*a*) Plaintiff in trespass bought a horse from defendant, the price to be
   paid part in cash and the remainder in monthly instalments, and the
   title not to pass to the plaintiff until all the purchase money should be
   paid. Plaintiff received the horse, paid the cash payment and one
   monthly instalment.

(*b*) Unable to pay the next instalment, the plaintiff gave his note for the
   entire balance, without other change in the terms of the original con-
   tract. This note, and a renewal of it given after the instalments were
   all payable, being dishonored, the defendant took possession of the
   horse peaceably:

1. The testimony containing nothing to overcome the presumption of law
   that the note given was not to be payment unless it was itself paid, the
   jury should have been instructed that the title to the horse when re-
   taken was still in the defendant under the original contract.

2. The title being still in him, the jury might well have found that the
   resumption of possession under the circumstances was a reasonable ex-
   ercise of the right of rescission; but if they did not, the plaintiff's inter-
   est in the horse was but the amount he had paid, which was the measure
   of his damages recoverable.

Before PAXSON, C. J., GREEN, CLARK, MCCOLLUM and
MITCHELL, JJ.

No. 211 January Term 1889, Sup. Ct.; court below, No. 465
June Term 1887, C. P. No. 3.

On August 18, 1887, John S. Levan brought trespass against
Henry Wilten, for the alleged unlawful taking and conversion
of a horse. Issue.

At the trial on October 15, 1888, the plaintiff testified that
in October, 1886, he bought a horse from defendant for $100,
for which he was to pay $25 down, and the balance in monthly
instalments of $15 each, but the horse was not to belong to him
until the whole of the purchase money was paid; that he paid
$25, cash payment, and $15 one month afterwards, but the next
monthly instalment he was unable to pay, when he gave the de-
fendant his note for $60, the defendant saying that it would be

an accommodation to him and to the plaintiff too, to give the note, and the latter could meet it when due ; that he was unable to pay the note at maturity, and then gave another in renewal of it, and defendant took up the old note, which had been discounted. When the second note, dated March 9, 1887, at three months, was coming due, the plaintiff testified, " I wrote him a note that I couldn't meet it. He wrote me a note in return, to bring the horse up, that if he had a horse to. match it he would take it back. I took the horse to his stable, but he just took the harness off him, and said that the horse should never go out of that stable again. I never had the horse since. I demanded him. I had no horse to carry on my business, and had to hire one at $1.50 a day. At the end of that time, a couple of weeks, I had to go out of business."

The defendant's testimony as to the terms of the contract, the payments made, and the giving of the notes, was about to the same effect as that of the plaintiff ; he testified, further, that a few days before the second note became due the plaintiff wrote him a note that he couldn't pay it and stating, " You may have the horse again if you give me the money back that I paid you, or I will pay you so much a month till it is paid." The defendant proceeded: " That is the note. I wrote him a note in reply, and he came up to the stable with the horse. He wanted to exchange it for another horse worth $250, which I wouldn't do. I offered to give him another horse that was in the stable, but he wouldn't take it, and I told him that when he paid the amount of the balance of the purchase money of this horse he had brought back, he could have it, and not before."

The case being closed upon the foregoing testimony, the court, GORDON, J., charged the jury:

" [Whatever this transaction may appear to have been in the negotiations leading to it, yet, after the giving and acceptance of the promissory note, the sale of the horse by defendant to plaintiff became an absolute sale, and not a bailment, and vested in him the ownership of the horse; and the defendant had no right to take the horse from the plaintiff in the manner testified to by the witnesses;] [1] [such a taking was a wrongful, violent and unlawful taking, and would entitle plaintiff to recover for its full value, if entitled to recover anything at all, as well as damages for its detention.] " [2]

The jury returned a verdict for the plaintiff for $100. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this appeal assigning for error: 1, 2. The portions of the charge embraced in [ ]¹ ²

*Mr. George W. Harkins,* for the appellant.

Counsel cited: Goldshede v. Cottrell, 2 M. & W. 20; Maillard v. Argyle, 6 M. & G. 40; Kemp v. Watt, 15 M. & W. 672; Rose v. Story, 1 Pa. 190; Henry v. Patterson, 57 Pa. 346.

There was no appearance for the appellee.

OPINION, MR. JUSTICE MITCHELL:

Both parties agree in their testimony that the title to the horse was not to pass to plaintiff below until he had paid for it. He paid $40, and then, being unable to make the next payment, he gave a note for the rest of the purchase money. He says this note was for the convenience of both parties; the defendant below says it was for the accommodation of the plaintiff, but neither of them make any suggestion that it was to change the terms of the original bargain, except as to the time and mode of payment. The title to the horse was still in the vendor, and the giving of the note did not make any change in that respect. A note given for an existing debt is not payment, unless it be expressly accepted as such. The presumption is that it is not to be payment unless it is itself paid, and the testimony in this case contains nothing to overcome this presumption of the law. If there had been any conflict as to this point, the case should have been left to the jury to find what was the intention of the parties; but, as there was no conflict, the jury should have been told that the title to the horse was still in the vendor under the original contract.

The note was not paid, and a renewal note for three months longer was also due and unpaid, when the horse was brought back to the vendor's stable. The time for payment in full, not only by the original agreement, but by the second extension, had more than passed; the title was still in the vendor, and the jury might well have found that the peaceable resumption of possession, under the circumstances, was a reasonable

exercise of the right of rescission of the conditional sale. But, even if they did not on this ground find for the defendant, the plaintiff's whole interest in the horse was the amount he had paid; and the jury should not, in any view of the case, have been allowed to go beyond that amount in the assessment of damages.

Judgment reversed, and venire de novo awarded.